507 P.2d 476 (1973)
LEACH & ARNOLD HOMES, INC., Plaintiff-Appellee,
v.
The CITY OF BOULDER, a municipal corporation, et al., Defendants-Appellants.
No. 72-344.
Colorado Court of Appeals, Div. II.
January 16, 1973.
Rehearing Denied February 6, 1973.
Certiorari Denied March 26, 1973.
Zook, Love, Torke & Locke, David R. Torke, Boulder, for plaintiff-appellee.
Walter L. Wagenhals, City Atty., Boulder, for defendants-appellants, City of Boulder and Carl K. Chapel, City Clerk.
Peter C. Dietze, Boulder, for defendants-appellants John M. Meadows and others.
Selected for Official Publication.
COYTE, Judge.
In 1971, plaintiff-appellee, landowner, petitioned the city council of Boulder, Colorado, to annex a parcel of land to the City of Boulder. The petition was granted and the land was annexed by Ordinance No. 3797. Within 30 days thereafter a referendum petition for the repeal of Ordinance No. 3797 was filed with the city clerk of Boulder. The clerk ascertained that it contained sufficient signatures and so informed the city council. After a hearing relating to the legality of the referendum petition, the council accepted the petition but deferred any action on the same for approximately 30 days.
In the meantime, plaintiff filed a declaratory judgment action against defendants and all members of the class who circulated or signed the petition, alleging that the referendum petitions were invalid and ineffective and requested that the court order *477 a stay of any further proceedings by the city council on the referendum petition. Upon motion, the court issued an order temporarily staying proceedings on the referendum petition and ordered a citation to issue requiring the city council to forward a complete record of proceedings had in connection with the hearing before the city council on the referendum petition.
After hearing before the court on the record of proceedings had before the city council, the court entered the following order:
"[T]hat the City Charter of the City of Boulder requires that a committee is to be appointed when a referendum petition is filed, but that there is no provision for the appointment of a committee within the City Charter provisions dealing therewith; and that since the procedure under the City Charter is incomplete, the construction must be that reference must be had to the procedure provided by state statute and the failure to comply with the state statutes renders the referendum petitions invalid."
Defendants contend that the Boulder charter provisions are complete within themselves and that C.R.S.1963, 70-1-7, is thus not applicable. That statute reads, in pertinent part, as follows:
". . . Each petition shall designate by name and address not less than three nor more than five persons who shall represent the signers thereof in all matters affecting the same."
We agree that the charter provisions are complete within themselves and reverse the judgment.
The City of Boulder is a home rule city and as such has unlimited authority to reserve to the electors of the City of Boulder the referendum power and the manner of exercising the same. Colo.Const. Art. V, Sec. 1; Burks v. Lafayette, 142 Colo. 61, 349 P.2d 692. The manner of preparing and filing a referendum petition in the City of Boulder is set forth in the Boulder charter. The city council has not adopted any ordinances dealing with the subject. It should be noted that Sec. 38 of the Boulder city charter dealing with "preparation of initiative petitions" contains the same requirement as C.R.S.1963, 70-1-7. However, there is no such city charter requirement on referendum petitions.
The following charter provisions are complete within themselves for the purpose of filing a referendum petition.
The applicable charter provisions are as follows:
"Sec. 43. Power of referendum.
The people shall have power at their option to approve or reject at the polls, any measure passed by the council or submitted by the council to a vote of the electors,... Such power shall be known as the referendum; which power shall be invoked and exercised as herein provided. All measures, save those hereinabove specifically excepted, submitted to the council by initiative petition and passed by the council without change, or passed in an amended form and not required by the committee of the petitioners to be submitted to a vote of the electors, shall be subject to the referendum in the same manner as other measures."
"Sec. 44. Referendum petition.
If, within thirty days after the final passage of any measure by the council, a petition signed by electors of the city to the number of at least ten per cent of the last preceding vote cast within the city for all candidates for governor, be filed with the city clerk requesting that any such measure, or any part thereof, be repealed or be submitted to a vote of the electors, it shall not, except in the case of an emergency measure, become operative until the steps indicated herein have been taken."
"Sec. 47. Referendum election.
If the petition be found sufficient, the council shall proceed to reconsider such measure or such part thereof as the petition shall specify. If upon such reconsideration such measure, or such part thereof, be not repealed or amended as demanded in the petition, the council *478 shall provide for submitting the same, by the method herein provided, to a vote of the electors at the next municipal election occurring not less than thirty days after the receipt by the council of the city clerk's certificate, and such measure, or such part thereof, shall thereupon be suspended from going into effect until said election and shall then be deemed repealed unless approved by a majority of those voting thereon. Or the council by two-thirds vote may submit such measure or part thereof with like effect to the electors at a special election to be called by said council not less than thirty days after the receipt of said city clerk's certificate."
"Sec. 48. Title of ballots.
Proposed measures and charter amendments shall be submitted by ballot title. There shall appear upon the official ballot a ballot title which may be distinct from the legal title of any such proposed measure of charter amendment and which shall be a clear, concise statement, without argument or prejudice, descriptive of the substance of such measure or charter amendment. The ballot title shall be prepared by the committee of the petitioners if for an initiated or a referendum measure, or by a committee of the council when submitted by the council."
The correct procedures, as set forth in the charter provisions, were followed. The referendum petition accepted by the city council is valid and the city council is required under Sec. 47 of the charter provisions either to reconsider Ordinance No. 3797 and repeal the same or to submit it to a vote of the electors at the time and in the manner provided by the charter provisions. If the council repeals the ordinance, that ends the controversy. However, if the council does not repeal the ordinance, it must submit the question to a vote of the people.
The ballot title shall be either the legal title of the ordinance or if different such title shall be prepared by a committee of the council. Boulder City Charter Sec. 48. Sec. 47 of the charter provides that the council may submit such an ordinance to a vote of the electors at the next municipal election occurring not less than 30 days after receipt by the council of the city clerk's certificate, or the council may by two-thirds vote submit such measure with like effect to the electors at a special election. In either of such events the measure is submitted by the council, and therefore the council appoints a committee of the council which determines either to use the legal title or to draft an appropriate title.
On initiated ordinances, Sec. 38 of the charter requires that a committee of petitioners be designated in the petition. References to "committee of the petitioners" in charter sections 43 and 48 refer to initiated measures referred to a vote of the people for enactment.
Judgment reversed and case remanded with directions to dismiss plaintiff's complaint.
SILVERSTEIN, C. J., and SMITH, J., concur.